O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKEY WILLIAMS, | ) | Case No. CV 12-07150 DDP (JEMx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| | ) | |
| v. | ) | |
| | ) | [Docket number 21] |
| KAMALA D. HARRIS, Attorney General; E. VALENZUELA, Warden; MATTHEW CATE, Secretary of CDCR; GEORGE GIURBINO, Director of CDCR; JERRY BROWN, State Governor, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Presently before the court is Defendants Kamala D. Harris, Matthew Cate, George Giubino, Elvin Valenzuela, and Jerry Brown (collectively, "Defendants")'s Motion to Dismiss under Rules 12(b)(6) and 8(a)(2). The case is suitable for adjudication without oral argument. Having considered the parties' submissions, the court now adopts the following order.

///

///

///

## I. Background

Plaintiff Ricky Williams is an inmate of the California Department of Corrections and Rehabilitation ("CDCR"), presently incarcerated at the California Men's Colony ("CMC") in San Luis Obispo, California. Appearing *pro se*, on September 7, 2012, Plaintiff brought the instant Complaint alleging that Defendants violated his rights under the Americans with Disabilities Act and the Rehabilitation Act of 1973 (collectively, the "ADA"). The gravamen of Plaintiff's claim is that the California Board of Parole Hearings ("BPH" or "Board")'s December 22, 2011 decision to deny him parole, which was based in part on his mental health, violated Title II of the ADA. Plaintiff requests that the court set aside his parole denial, grant him a new parole hearing, and render invalid the procedures used to deny him parole.

On October 21, 1991, after having pled guilty to the charge of second degree murder (Cal. Penal Code § 187), Plaintiff was sentenced to state prison for a term of fifteen years to life.

On December 22, 2011, Petitioner appeared before the Board for his fifth parol consideration hearing. The Board concluded that Plaintiff is not suitable for parole because he poses an unreasonable risk of danger if released from prison. (See Complaint Ex. J at 160-169, Transcript of BPH Proceedings.) The Board based this conclusion on what it described as Plaintiff's record of serious misconduct while incarcerated, including several instances of misconduct since the prior parole hearing; his failure to take responsibility for such conduct; his past and present mental health, including a psychological report, dated July 28, 2011, diagnosing him with delusional disorder (persecutory type); and his

1  failure to take full advantage of self-help programming
2  opportunities available to him in CDCR. (Id.)
3      Plaintiff has previously filed two unsuccessful habeas corpus
4  petitions challenging the December 22, 2011 denial of his parole
5  application. Plaintiff filed a state law habeas corpus petition, <u>In
6  re Rickey Williams</u>, Case No. BH08655, which was denied by the
7  California Supreme Court on December 19, 2012. (<u>See</u> Defendants'
8  Request for Judicial Notice ("RJN"), Exs. 2-4.) Plaintiff also
9  filed a federal habeas corpus petition, <u>Ricky Williams v. Terri
10 Gonzalez</u>, Case No. CV 13-0143, which was denied by this court on
11 April 3, 2013. (<u>See</u> RJN Ex. 5.)

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir.2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id.</u> at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will

3

not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

Defendants argue that the Complaint should be dismissed on the grounds that: (1) the Complaint should be construed as a habeas corpus petition and dismissed for failure to exhaust state remedies prior to filing; (2) Plaintiff filed a separate and concurrent federal writ of habeas corpus, which has already been denied by this court, precluding litigation of the same issues in the instant action; (3) Plaintiff fails to allege facts showing actionable discrimination under the ADA; and (4) Plaintiff's Complaint lacks adequate specific factual allegations as to the role played by each Defendant in causing the harm alleged. The court considers each argument in turn.

As to Defendants' first argument, the court is unpersuaded by Defendants' contention that the Complaint should be construed as a habeas corpus petition and that dismissal is warranted for failure

4

to exhaust state remedies. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). However, "[n]ot all challenges to a parole board's policy implicate the invalidity of continued confinement." Bogovich v. Sandoval, 189 F.3d 999, 1004 (9th Cir. 1999). A challenge to a parole board's policy need not be brought as a habeas corpus petition where it "does not necessarily imply the invalidity of their continuing confinement." Id. at 1004.

In Bogovich, the Ninth Circuit held that a challenge brought by state prisoners to a policy under which they were allegedly denied parole primarily because of their substance abuse disabilities could be brought as a claim under Title II of the ADA, rather than as a habeas corpus petition. Bogovich, 189 F.3d 999, 1001, 1005. The Court held that the ADA claim could go forward because the prisoners would not "necessarily be entitled to parole or to shorter prison terms if they were successful on the merits of their ADA claim." Id. at 1003. Rather, the Court held, the prisoners contended only that "in the future, the Board should not be allowed to discriminate against disabled inmates in its parole decision-making process." Id. at 1003-04.

As in Bogovich, Plaintiff does not seek reversal of the Board's decision to deny him parole, but rather a new parole hearing conducted under a standard compatible with Title II. (Id. at 48.) Because the relief sought by Plaintiff, if granted, would "not necessarily imply the invalidity of [his] continuing

5

confinement," Bogovich, 189 F.3d at 1004, the court will not construe the complaint as a habeas petition. Accordingly, the requirements for the exhaustion of available state remedies--which the government contends Plaintiff failed to satisfy--do not apply. See Rose v. Lundy, 455 U.S. 509, 515 (1982) (explaining requirement of exhaustion of state remedies for federal habeas petitions). Thus, the court will not dismiss the complaint under the government's failure-to-exhaust theory.

The court next considers Defendants' argument that the court should decline to consider the Complaint because Plaintiff has filed a separate habeas corpus petition before this court. "A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result." Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979). As Defendants note, Plaintiff previously filed, on January 9, 2013, a federal habeas corpus petition styled Rickey Williams v. Terri Gonzalez, which the court denied on April 3, 2013. (Case No. 13-0143, DKT No. 12.) The Ninth Circuit denied Williams a certificate of appealability on January 1, 2014. (Id. DKT No. 16.)

As in the current Complaint, in that Petition, Plaintiff contended, among other arguments, that the BPH Commissioner's reliance on Plaintiff's mental health in denying him parole was unlawfully discriminatory. (See Petition at 61-66.)) The government argues that the court should dismiss the complaint on the ground that it is duplicative relative to the Williams v. Gonzalez. (See Mot. at 9-10.)

The court will not dismiss the ADA claim on this basis.[1] The court dismissed Plaintiff's habeas corpus Petition without considering whether the parole board engaged in unlawful discrimination under federal anti-discrimination statutes. (See RFJN Ex. 4.) As explained in that case, the scope of federal habeas review in the context of a parole decision is limited to the constitutional question of whether fair and adequate procedures were employed for protection of the prisoner's state-created liberty interest. See Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011) ("Because the only federal right at issue is procedural, the relevant inquiry is what process [the petitioner] received, not whether the state court decided the case correctly.") The court found that, during the December 22, 2011 proceeding, Plaintiff was represented by counsel, testified at length, presented beneficial evidence, and received a written statement of the reason for the Board's decision. (See RJN Ex. 4.) On this basis, the court found that fair and adequate procedures were provided and it denied the Petition. (Id.) As the primary issues raised in the current Complaint, involving the right to be free of discrimination under the ADA, were not the subject of an earlier adjudication, the Court does not find a sufficient interest in the conservation of judicial

---

[1] Plaintiff also asserts at points that there were deficiencies with respect to the quality of his representation, bias on the part of the Board leading up and at the December 22, 2011 hearing, and a failure of the Board to articulate a nexus between its stated reasons for denial of parole and a current unreasonable risk to public safety. (See, e.g., Compl. at 16-18, 32-34, 38.) With respect to those assertions, the court agrees with Defendants that these claims are properly brought in the form of a habeas corpus petition and the court chooses not to exercise jurisdiction over these claims, having already denied a habeas petition addressing these issues. See Ricky Williams v. Terri Gonzalez, Case No. CV 13-0143-DDP (Apr. 3, 2013).

resources to merit dismissal of the case on the ground that it is duplicative.

Next, the court considers Defendants' argument that the complaint should be dismissed on the ground that Plaintiff has failed to allege conduct that violates the ADA. (<u>See</u> Mot. at 10.) On this score, the court agrees with Defendants and will dismiss the Complaint.

Title II of the ADA prohibits discrimination by a public entity on the basis of disability. 42 U.S.C. § 12132; <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2004). The statute applies to inmates in state prison. <u>See</u> <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1023, 1025 (9th Cir. 1997). To state a claim of disability discrimination under Title II, a plaintiff must allege four elements: "(1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002).

The Ninth Circuit has held that a plaintiff may state a claim under Title II based on allegations that a parole board failed to perform an individualized assessment of the threat that the prisoner poses to the community by categorically excluding from consideration for parole all people with a disability. <u>See</u> <u>Thompson</u>, 295 F.3d at 894 n. 1. However, parole boards are not

8

barred from considering an inmate's disability as part of an individualized inquiry for parole suitability, where the disability is relevant to a determination of the person's propensity to commit crime or the board's legitimate penological interests. Id.

Here, Plaintiff alleges in his Complaint that he has "state[d] a claim under Title II that the parole board failed to perform an individualized assessment of the threat he pose [sic] to the community by categorically excluding from consideration for parole all people with mental illness history." (Compl. at 36.) Under Thompson, such a categorical exclusion could give rise to an ADA claim.

However, as Defendants point out, Plaintiff's Complaint contradicts his contention that he was excluded solely because of his mental health disability. (See Mot. at 12.) In considering a complaint, the court is not limited by the allegations contained in the body of the complaint when--as here--a complaint is accompanied by attached documents; the court may consider such documents in determining whether the plaintiff has stated a claim. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Plaintiff has attached to his Complaint a copy of the transcript of his December 22, 2011 hearing. (See Compl. Ex. J.) A review of this document discloses that the Board did not deny Plaintiff's petition for parole solely based on his mental health disability. (See id. at 160-169.) Rather, the Board reached its conclusion based upon an individualized inquiry regarding Plaintiff's suitability for parole, which considered, in addition to his mental health, Plaintiff's record of misconduct while incarcerated, his failure to take responsibility for such conduct, and his failure to take

advantage of self-help programming opportunities within CDCR. (See id. at 160-62, 164.) Moreover, the Board's consideration of Plaintiff's mental health was focused squarely on his propensity for violence should he be released. (Id. at 164.) In sum, the hearing record renders Plaintiff's ADA claim under Thompson implausible.

Finally, the court considers Defendants' contention that the Complaint should be dismissed under Rule 8(a)(2) because Plaintiff has failed to allege facts indicating with any particularity the role played by each Defendant in violating his constitutional or statutory rights. (See Mot. at 15.) The court agrees.

As Defendants note, the only allegation in the Complaint arguably connecting the alleged misconduct to the individual Defendants is Plaintiff's assertion that Defendants Valenzuela, Cate, Guirbino, and Governor Brown are "legally responsible for the operation of California Mens Colony-East." (Compl. at 11.) Defendant Harris appears nowhere in the Complaint. The Complaint includes no explanation of how any of the Defendants violated Plaintiff's rights under the Constitution or the ADA, whether through their conduct, enacted policies, or by any other means. See, e.g., Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Arguably implicit in the Complaint is the contention that Defendants have used their authority to put in place an unspoken policy of categorically excluding inmates with mental health disabilities from parole. However, as discussed immediately above, Plaintiff has not plausibly alleged that any such policy exists. Plaintiff's failure to allege any connection between Defendants and

any alleged harm he has suffered is a separate basis for dismissal of the Complaint.

**III. Conclusion**

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Dated: February 26, 2014

DEAN D. PREGERSON
United States District Judge